O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. CR 11-00922 (B) DDP (9) |
|---|---|
| Plaintiff, | ) **ORDER RE: MOTIONS IN LIMINE TO EXCLUDE TESTIMONY OF EXPERT WITNESS DONALD SULLIVAN** |
| v. | ) |
| THEORDORE CHANGKI YOON, | ) [Dkt. Nos. 773] |
| Defendant. | ) |

Defendants Yoon and Lim have submitted motions in limine to exclude the testimony of government witness Donald Sullivan, an expert on pharmacy practices. The Government plans to call Dr. Sullivan to testify about what is ordinary pharmacy practice and whether certain practices deviate from the norm. (Dkt. No. 772, Ex. A.) Defendants argue that (1) Sullivan's testimony is irrelevant to the question of Defendants' state of mind; (2) Sullivan's proposed testimony, as to accepted indicators in the pharmacy industry that would alert a pharmacist to the possibility that a prescription might not be for a legitimate medical purpose, lacks scientific foundation and should be excluded under Federal

Rule of Evidence 702; and (3) Sullivan's proposed testimony as to standards in the pharmacy industry should be excluded because no "standard of care" can be relevant to criminal liability.

The Court rejects Defendants' Rule 702 argument. *Some* expert testimony "rests upon scientific foundations, the reliability of which will be at issue in some cases." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999). But an expert may be qualified by "knowledge, skill, experience, training, or education," F.R.E. 702, and in many cases "the relevant reliability concerns may focus upon personal knowledge or experience," rather than scientific proof. Kumho Tire, 526 U.S. at 150. Defendants have not challenged Dr. Sullivan's personal knowledge or experience, and the Court finds no reason to doubt that Dr. Sullivan is qualified to speak on the subject of customary and appropriate pharmacy practices.

As to the relevance of Dr. Sullivan's testimony regarding standards and practices in the pharmacy industry, the Government cites United States v. Feingold for the proposition that "only after assessing the standards to which medical professionals generally hold themselves is it possible to evaluate whether a practitioner's conduct has deviated so far from the 'usual course of professional practice' that his actions become criminal." 454 F.3d 1001, 1007 (9th Cir. 2006).

Feingold, however, also cautions that "a violation of the standard of care *alone* is insufficient to support [a] criminal conviction," id., and that "the district court must ensure that the benchmark for criminal liability is the higher showing that the

practitioner intentionally has distributed controlled substances." Id. at 1010.

The Court therefore takes the following from Feingold: first, evidence of the general practice of pharmacists, and what kinds of acts would substantially deviate from that practice, is relevant because it is circumstantial evidence that the pharmacists knew that they were engaging in criminal acts. But second, the Court is obligated to ensure that such testimony does not "impermissibly lower the standard for criminal liability," id., by implying that a failure to adhere to commonly-accepted practices, or even practices promulgated by a regulatory agency or professional board, is grounds for criminal liability.

Therefore, **the motion is granted in part**. Dr. Sullivan may testify as an expert on what practices are customary and common in the industry, based on his experience and expertise. He may also testify as to the kinds of practices or indicators would be seen in the pharmacy industry as unusual, not common practice, or not customary.

However, he may not testify as to what he would have done in Defendants' place, or to what a "reasonable pharmacist" would have done in Defendants' place. Allowing such testimony would run the risk that the jury would import a "reasonable person" standard into a criminal charge that requires a mens rea finding of knowledge or intent.

Additionally, Dr. Sullivan may not testify as to standards of care set out by a professional board or regulatory body, or as to other legal requirements not part of the criminal statute. For example, Defendants attach as Exhibit C to their motions an opinion

3

1  by the California State Board of Pharmacy, stating that pharmacists
2  have a "duty of inquiry" when they see "red flags."  (Dkt. No. 772,
3  Ex. C.)  Failure to meet such standards does not subject a person
4  to criminal culpability under the Controlled Substances Act, and
5  introducing civil or regulatory standards has the strong potential
6  to confuse to the jury as to the mens rea required in this case.
7  Because the danger of such confusion substantially outweighs the
8  probative value of a description of such standards, testimony as to
9  such standards is excluded.  However, if the defense opens the door
10 to the question of adherence to professional standards, the
11 Government may then introduce evidence on such standards.

13 IT IS SO ORDERED.

16 Dated: October 8, 2014
                                      DEAN D. PREGERSON
17                                    United States District Judge

4